IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS M. FERREE,<br><br>           Plaintiff,<br><br>   v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, ("LINA"); CIGNA; ADC TELECOMMUNICATIONS, INC. LONG TERM DISABILITY PLAN; ADC TELECOMMUNICATIONS, INC; RECOVERY SERVICES INTERNATIONAL, INC.; AND ADVANTAGE 2000 CONSULTANTS<br><br>           Defendant. | 1:05-cv-2266-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for a *De Novo* Standard of Review ("Mot. for *De Novo* Review") [110].

**I.    FACTUAL BACKGROUND**

Plaintiff Thomas Ferree ("Plaintiff") brought this action to recover long term disability benefits under a group insurance policy issued by Defendant Life Insurance Company of North America ("LINA") to his former employer, ADC

Telecommunications, Inc. ("ADC").  The benefits Plaintiff seeks are provided by ADC as part of an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).[1]  LINA is the claims administrator under the Plan with the responsibility for evaluating claims for benefits made by participants of the Plan.  This case arises primarily out of LINA's denial of Plaintiff's claim for disability benefits.

The determination of the proper standard of review of LINA's benefits determination depends upon whether LINA has discretion under the Plan to make benefits determinations.  The disagreement between the parties as to whether or not the Plan gives discretion to LINA centers around one paragraph in Plaintiff's Group Policy.  Specifically, the Policy provides:

> **Disability Benefits**
>
> The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy.  A Disabled Employee must satisfy the Benefit Waiting period and be under the appropriate care of a Physician.  *Satisfactory proof of Disability must be provided to the Insurance Company*, at the Employee's expense, before benefits will be paid.

---

[1] Plaintiff also asserted various state law claims against the Defendants which this Court found to be preempted by ERISA.

(Group Policy, attached as Ex. 1 to Defendants' Motion for Protective Order [108], at 12) (emphasis added).

Plaintiff filed this Motion for *De Novo* Review, arguing that the language in the Group Policy is not sufficient to confer discretion to LINA to make benefits determinations, and therefore the Court must review LINA's decision to deny Plaintiff benefits using the less restrictive *de novo* standard of review. Plaintiff argues that the phrase "satisfactory proof of disability" is at least ambiguous, and because LINA drafted the Group Policy language, the ambiguity should be resolved in favor of Plaintiff. Defendants LINA, CIGNA, and Recovery Services International, Inc. ("RSI") argue that the Plan language grants LINA discretionary authority to interpret the terms of the Plan and to make eligibility determinations for benefits under the Plan; therefore, the Court should review LINA's decision using the more deferential heightened arbitrary and capricious standard of review.

## II.    DISCUSSION

"ERISA provides no standard for reviewing decisions of plan administrators or fiduciaries." Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1134 (11th Cir. 2004). Following the Supreme Court's decision in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the Eleventh Circuit has applied three

standards of review of ERISA benefits determinations depending on the circumstances of the insurer-insured relationship: (1) *de novo* where the employee benefit plan at issue does not grant the administrator discretion; (2) arbitrary and capricious where the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where the plan grants the administrator discretion but the administrator operates under a conflict of interest.[2]  Williams, 373 F.3d at 1134.  In Williams, the Eleventh Circuit explained the differences between these three standards:

> *De novo* review . . . offers the highest scrutiny (and the least judicial deference) to the administrator's decision. In fact, we accord *no* deference there, since, no judgment/discretion was exercised in making the determination (*i.e.*, there is no discretion to which we would defer).  In contrast, where the administrator has discretion (*i.e.*, applies his own judgment) in making plan decisions, we review under the arbitrary and capricious standard (which is substantively the same as the "abuse of discretion" standard). . . . Finally, where the administrator has discretion but exercises it under a conflict of interest, we apply "heightened arbitrary and

---

[2]  The administrator has a conflict of interest when it is both the claims administrator and the payer of claims.  See Williams, 373 F.3d at 1135. Defendants appear to concede that LINA had a conflict of interest in this case by arguing in their Opposition that the heightened arbitrary and capricious standard of review applies rather than the arbitrary and capricious standard.  (Def. Opp. to Pl. Mot. for *De Novo* Review [121], at 2.)

>  capricious" review.  There we apply a level of deference
> (and conversely, scrutiny) somewhere between what is
> applied under the *de novo* and "regular" arbitrary and
> capricious standards.

373 F.3d at 1137 (internal citations omitted).

The question before the Court is the standard of review that applies to LINA's decision to deny benefits to Plaintiff. The analysis necessarily begins with Firestone. In Firestone, the Supreme Court set out the principles for evaluating what standard of review applies to an ERISA benefits decision. Acknowledging that trust law principles guide courts in determining the appropriate standard of review, the Court held that "[t]rust principles make a deferential standard of review appropriate when a trustee exercises discretionary powers." Id. at 111. Deference is given to the "exercise of *discretion vested . . . by the instrument*" under which trustees act. Id.

> [C]ourts construe terms in trust agreements without
> deferring to either party's interpretation.  "The extent
> of the duties and powers of a trustee is determined by
> the rules of law that are applicable to the situation, . . .
> and by the terms of the trust *as the court may interpret
> them . . . .*"

Id. at 112 (citing 3 W. Fratcher, Scott on Trusts § 201, at 221). In performing this judicial function, "[t]he terms of trusts created by written instruments are

'determined by the provisions of the instrument as interpreted in light of all the circumstances and such other evidence of the intention of the settlor with respect to the trust as is not inadmissible.'" Id. (citation omitted).  With these interpretative principles in mind, the Court stated:

> Consistent with established principles of trust law, we hold that a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

Id. at 115.  In order to avoid *de novo* review, a Plan must contain "express language 'unambiguous in its design' [giving] the Administrator discretionary authority to determine eligibility for benefits or to construe the terms of the Plan." Kirwan v. Marriott Corp., 10 F.3d 784, 789 (11th Cir. 1994).  Silence in a Plan does not confer discretion.  Id.

Defendants contend that the Court must interpret the Plan provision requiring "satisfactory proof of disability," as vesting in Defendant the discretion necessary to trigger the heightened arbitrary and capricious review standard. Though the Eleventh Circuit has not specifically addressed whether this particular phrase is sufficiently express and unambiguous to confer discretion, a significant

number of other circuit courts have held that plan language requiring "satisfactory proof of disability" does not grant discretion to an ERISA claims administrator.

The Second, Fourth, Seventh, Eight, and Ninth Circuits have all found plan language nearly identical to the language at issue here not sufficient to grant discretion.  See Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 251-52 (2nd Cir. 2002) (holding that "satisfactory" whether in the phrase "satisfactory proof" or "proof satisfactory to [the decision-maker]" is an inadequate method of granting discretion and stating that "the better reading of 'satisfactory proof' is that it establishes an objective standard, rather than a subjective one"); Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 269-70 (4th Cir. 2002) (holding that intent to give discretion was not clear in plan language requiring insured to "submit satisfactory proof of Total Disability to us"); Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000) ("[T]he presumption of [*de novo*] review is not rebutted by the plan's stating merely that benefits will be paid only if . . . the applicant submits satisfactory proof of his entitlement to them."); Walke v. Group Long Term Disability Ins., 256 F.3d 835, 839-40 (8th Cir. 2001) (holding that discretion was not given by language stating benefits would be paid if insured "submits satisfactory proof of Total Disability to us"); Bounds v. Bell Atl.

Enters. Flexible Long Term Disability Plan, 32 F.3d 337, 339 (8th Cir. 1994) (holding that plan language stating that benefits will be paid "after [the administrator] receives adequate proof of loss" is insufficient to confer discretion); Sandy v. Reliance Standard Life Ins. Co., 222 F.3d 1202, 1204 (9th Cir. 2000) ("No matter how you slice it, requiring a claimant to submit 'satisfactory proof' does not unambiguously confer discretion . . . ."); Kearney v. Standard Life Ins. Co., 175 F.3d 1084, 1089-90 (9th Cir. 1999) (en banc) (holding a policy stating that insurer will pay benefits "upon receipt of satisfactory written proof that you have become DISABLED" does not give discretion to determine disability of claimant).

The "satisfactory proof" phrase in Plaintiff's Group Policy is ambiguous, and it is unclear whether the phrase connotes an objective standard, *i.e.* meaning enough proof to satisfy a reasonable person, or a subjective standard, meaning enough proof to satisfy the administrator responsible for making the benefits determination.  This language does not unambiguously give the administrator discretion necessary for heightened arbitrary and capricious review as required by Eleventh Circuit law.

The "satisfactory proof" language in this case is distinct from the "satisfactory to us" language which has been found by some courts to grant discretion to the decision-maker. "Satisfactory to us" indicates that someone will make a subjective determination as to whether or not the proof submitted is satisfactory. See Brigham v. Sun Life of Canada, 317 F.3d 72, 81-82 (1st Cir. 2003) (discussing the state of the law and the essential difference when the "to us" is present after "satisfactory" as an indicator of subjective, discretionary authority of the administrator, distinguishing this wording from the language of "satisfactory proof" of disability); Nance v. Sun Life Assur. Co. of Canada, 294 F.3d 1263, 1267-68 (10th Cir. 2002) ("'Satisfactory to Sun Life' . . . adequately conveys to the Plan participants and beneficiaries that the evidence of disability must be persuasive to Sun Life."); Ferrari v. Teachers Ins. & Ann. Ass'n, 278 F.3d 801, 806 (8th Cir. 2002) (holding the arbitrary and capricious standard applied when plan language stated "proof must be satisfactory [to the administrator.]).[3]

---

[3] Several Circuits have found that even if the Plan language includes the phrase "to us" after "satisfactory proof," the language is still insufficient to confer discretion. See Kinstler, 181 F.3d at 251-52 (holding that language requiring "proof satisfactory to [the decision-maker]" is insufficient to convey discretion); Dias v. Prudential Ins. Co. of Am., 424 F.3d 635, 639-40 (7th Cir. 2005) (holding that the requirement of "proof of continuing disability, satisfactory to" plan administrator did not confer discretionary authority and clarifying that the standard

Defendants rely on the Eleventh Circuit's unpublished opinion in Curran v. Kemper National Services, Inc., No. 04-14097, 2005 WL 894840 (11th Cir. Mar. 16, 2005), for the proposition that "[the Eleventh Circuit has] held that this type of language, requiring that proof be satisfactory or acceptable to the administrator, is sufficient to convey discretion and to apply the arbitrary and capricious standard of review." (Def. Opp. to Pl. Mot. for *De Novo* Review [121], at 3.) The Curran opinion, however, does not provide clear guidance on the issue presented here. The Curran court merely said:

> Provisions requiring satisfactory proof have been determined that the inclusion of language requiring "due proof" constitutes a grant of discretion sufficient to apply the arbitrary and capricious standard of review.

Curran, 2005 WL 894840 at *3. A facial reading of the language raises more questions than it answers, and it is uncertain whether it supports the interpretation advocated by Defendants.

---

in Herzberger is the correct approach, stating that "no single phrase such as 'satisfactory to us' is likely to convey discretion" and "the critical question is whether the plan gives the employee adequate notice" of the administrator's discretion).

The importance of this language is clouded further by the fact that the Eleventh Circuit in <u>Curran</u> relied on the Sixth Circuit's opinion in <u>Yeager v. Reliance Standard Life Ins. Co.</u>, 88 F.3d 376, 380-81 (6th Cir. 1996), to support the proposition on which Defendant relies.  <u>See id.</u>  The pages in <u>Yeager</u> which the <u>Curran</u> court cites simply provide a thoughtful summary and application of the principles in <u>Firestone</u>.  The opinion requires that a plan's "grant of discretionary authority to [a plan] administrator be 'express'" and "clear."  <u>Id.</u> at 380.  The <u>Yeager</u> court held that Plan language requiring "satisfactory proof of total disability" "granted the administrator discretion to determine eligibility for benefits," and that benefits determinations made by the administrator were required to be evaluated using an arbitrary and capricious review standard.  <u>Id.</u> at 381.  The Sixth Circuit's holding in <u>Yeager</u> is the minority view among circuits that have considered this issue.  <u>See</u> <u>Brigham</u>, 317 F.3d at 81-82.  <u>Yeager</u> is not compelling support for the statement in <u>Curran</u> on which Defendant relies, and it is not compelling support for Defendants' argued interpretation of the phrase in the Plan documents at issue in this case.

The Court concludes there is not a sufficient grant of discretion here for the heightened arbitrary and capricious standard to apply.  The language of the Plan

-11-

suggests strongly that the interpretation of the "satisfactory proof of disability" provision at least is ambiguous, and more likely fails to confer discretion sufficiently to LINA. It does not address who makes disability determinations, the process for making them, and it especially does not nominate LINA as the deciding entity. That this issue even arises here and in other cases is perplexing. The simple drafting solution to the ambiguity problem is for Plan documents to make clear in the language of the Plan who will exercise discretion to make benefits determinations.

In sum, this Plan provision does not address who is granted responsibility for determining if benefits will be paid, and it certainly does not clearly or expressly grant this discretion to LINA necessary to satisfy the <u>Firestone</u> requirements. The Supreme Court has underscored the importance of a clear, unambiguous delegation before deference is made to a fiduciary acting in a trust capacity. A proper delegation requires more than what is provided here.

### III.   CONCLUSION

Because there is not a clear grant of discretion to LINA to make benefits determinations, the Court concludes that the *de novo* review standard applies, and thus Plaintiff's Motion for *De Novo* Review [110] is **GRANTED**.

**SO ORDERED** this 17th day of July, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE