IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS M. FERREE,<br><br>                            **Plaintiff,**<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, ("LINA"); CIGNA; ADC TELECOMMUNICATIONS, INC. LONG TERM DISABILITY PLAN; ADC TELECOMMUNICATIONS, INC; RECOVERY SERVICES INTERNATIONAL, INC.; AND ADVANTAGE 2000 CONSULTANTS<br><br>                            **Defendant.** | 1:05-cv-2266-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion First Motion to Compel Defendants LINA and CIGNA to Produce IntraCorp Documents ("Mot. to Compel") [147] and Nonparty International Rehabilitation Associates, Inc.'s ("IRAI" or "Intracorp") Motion for Protective Order and Notice of Motion to Transfer ("Mot. for Protective Order") [149].

Plaintiff filed this Motion to Compel on April 4, 2006. Plaintiff requests discovery from Defendants Life Insurance Company of North America ("LINA")[1] of documents related to IRAI, d/b/a Intracorp relating to Plaintiff's disability claim. Intracorp is a vendor which offers the services of medical professionals to review medical records. It apparently provided such services in connection with Plaintiff's claim for benefits. Intracorp filed its Motion for Protective Order on April 14, 2006. Plaintiff argues he is entitled to discovery from LINA as to Intracorp's involvement in handling his disability claim. Defendants argue that the documents sought are outside the administrative record and are not discoverable because the proper standard of review is the heightened arbitrary and capricious standard. The central issue which determines the outcome of the procedural motions filed by Plaintiff and Intrcorp is the proper scope of review. In its July 18, 2006, Order, the Court ruled that *de novo* review applies.

---

[1] The motion was originally also directed to CIGNA. The Court dismissed CIGNA from the case on July 17, 2006. (Order Granting Mot. to Dismiss [163].) The Motion to Compel, therefore, only applies to LINA. Based on the relationship between CIGNA and LINA, it is unlikely in the Court's view that CIGNA possesses discoverable material. Plaintiff is encouraged to discuss with CIGNA whether it has information relevant to the motions in dispute in this case.

In Kirwan v. Marriott Corp., the Eleventh Circuit held that "a district court conducting a *de novo* review of an Administrator's benefits determination is not limited to the facts available to the Administrator at the time of the determination." 10 F.3d 784, 789 & n.31 (11th Cir. 1994); see also Shaw v. Conn. Gen. Life Ins. Co., 353 F.3d 1276, 1284 n.6 (11th Cir. 2003), Dunlap v. Bellsouth Telecomms. Inc., No. 2:02-CV-00597-WKW-CSC, 2006 WL 1321467, at * 5 & n.10 (M.D. Ala. May 16, 2006).  That is, under Kirwan, the Court may consider facts outside the administrative record in conducting its *de novo* review.  Discovery is therefore not limited to the administrative record.

Plaintiff's Motion to Compel is therefore granted to the extent it seeks discovery of information that is relevant to the claim or defense of any party, is reasonably calculated to lead to the discovery of admissible evidence and otherwise complies with the requirements and limitations of Fed. R. Civ. P. 26.[2] The parties are ordered to proceed with discovery in accordance with the Court's determination that *de novo* review applies.

---

[2] If the parties have further disagreements as to the appropriate scope of discovery from LINA and Intracorp, they are directed first to contact the Court to discuss the dispute before seeking relief under Rule 37 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel [147] is **GRANTED** in accordance with this Order.  Nonparty IRAI's Motion for Protective Order [149] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties submit a detailed plan for discovery in this action ("the Plan").  While the parties will be allowed to structure discovery in a manner they believe is appropriate for the case, the Plan should provide a detailed description of each kind of discovery to be conducted and a timetable, designated by specific dates, for such discovery to occur, including:

1. The date by which initial written discovery, including discovery served pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, will be served.

2. Periods, designated by dates, during which deposition discovery will be conducted

3. The dates by which experts will be designated and counter-designated and the period, designated by dates, during which experts will be deposed

The Plan shall provide for discovery to be completed by November 30, 2006. The Plan shall be submitted to the Court on or before August 14, 2006.

**SO ORDERED** this 28th day of July, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE